UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK CARPENTER, III,

    Petitioner,               Case Number 2:25-CV-12861
                                      HONORABLE NANCY G. EDMUNDS
v.                                 UNITED STATES DISTRICT JUDGE

ERIC RARDIN,

    Respondent,
_____/

**AMENDED OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR
WRIT OF HABEAS CORPUS AND DENYING LEAVE TO APPEAL
*IN FORMA PAUPERIS***

This matter is before this Court on a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Jack Carpenter, III, (Petitioner), is a pre-trial detainee currently incarcerated in the Federal Correctional Institution in Milan, Michigan. Petitioner challenges his pending federal prosecution for transmitting a threatening communication in interstate commerce, in violation of 18 U.S.C. § 875(c). For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DENIED.

**I. Background**

This Court adopts the salient facts of Petitioner's case from the United States Court of Appeals for the Sixth Circuit's recent opinion denying Petitioner's interlocutory appeal:

> In February 2023, Carpenter was arrested pursuant to a criminal complaint alleging that he had used Twitter to threaten to kill Jewish members of the Michigan government. A federal grand jury subsequently returned an indictment charging Carpenter with transmitting a threatening communication in interstate commerce, in violation of 18 U.S.C. § 875(c). The government then moved for a competency evaluation pursuant to 18 U.S.C. § 4241. After a hearing, the district court granted the government's motion and ordered Carpenter's commitment to the custody of the Attorney General for a psychiatric or psychological examination.

1

While the government's motion for a competency evaluation was pending, Carpenter submitted several pro se filings, including motions to dismiss the case for lack of jurisdiction. The district court ordered that Carpenter's pro se filings be stricken from the record because he was represented by counsel and would not be allowed to proceed in a hybrid manner. Carpenter filed a pro se notice of appeal from the district court's orders granting the government's motion for a competency evaluation and striking his pro se filings. After Carpenter filed this appeal, a psychologist with the Bureau of Prisons evaluated him and diagnosed him with delusional disorder, grandiose and persecutory types. The district court conducted a competency hearing, during which the psychologist and Carpenter both testified, and invited briefing by the parties. In May 2024, the district court found that Carpenter was not competent to stand trial and ordered that he be committed to the custody of the Attorney General for further evaluation and treatment. Carpenter remains committed. In the meantime, Carpenter has filed other interlocutory appeals, all of which have been dismissed. *See United States v. Carpenter*, No. 24-1149 (6th Cir. Apr. 2, 2024) (dismissing for lack of jurisdiction); *United States v. Carpenter*, No. 24-2031 (6th Cir. Jan. 15, 2025) (dismissing for lack of jurisdiction), *reh'g denied* (6th Cir. Apr. 7, 2025); *United States v. Carpenter*, No. 25-1333 (6th Cir. May 7, 2025) (dismissing as untimely), *reh'g denied* (6th Cir. June 2, 2025).

*United States v. Carpenter,* No. 23-1661, * 1-2 (6th Cir. July 21, 2025).

The Sixth Circuit dismissed Petitioner's appeal as being moot. *Id.*

Petitioner's criminal case remains pending before Judge Mark A. Goldsmith. Petitioner is represented by counsel in that case. See *United States v. Carpenter,* No. 2:23-cr-20152 (E.D. Mich.). On July 21, 2025, Judge Goldsmith conducted another competency hearing, after which he took the matter under advisement. (ECF No. 274).

Petitioner in his current habeas petition alleges that the district court lacks subject matter over his criminal case, that it was clearly erroneous to find Petitioner incompetent to stand trial, that trial counsel has been ineffective, that it was error for the court to strike Petitioner's pro se motions, that his speedy trial rights are being violated, and that he has been denied release on bail. Petitioner seeks the dismissal of his pending federal criminal charge.

## II. Discussion

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970) (stating that the district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141. Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (additional citations omitted). Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

It is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution. *See Jones v.*

3

*Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547 (1905); *Horning v. Seifart*, 107 F. 3d 11 (Table), No. 1997 WL 58620, * 1 (6th Cir. Feb. 11, 1997); *Ferguson v. Gilliam*, 946 F. 2d 894 (Table), No. 1991 WL 206516, * 1 (6th Cir. Oct. 11, 1991).

To be eligible for habeas relief, a federal pretrial detainee generally must exhaust his or her other available remedies. *Medina v. Choate*, 875 F.3d 1025, 1028–29 (10th Cir. 2017) (internal citation omitted). Thus, "§ 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial." *Id.* at 1029. A federal criminal defendant must challenge their criminal case by filing any pre-trial motions in the trial court, followed by a possible appeal after judgment, before he or she can seek habeas relief. *Id.*

Exceptional circumstances do not exist to warrant granting habeas relief to Petitioner regarding the alleged violations of his speedy trial rights, since he can still seek relief in the trial court. If Judge Goldsmith denies his speedy trial motion and Petitioner is convicted he could appeal, and if he is unsuccessful on direct appeal, he could file a motion to vacate sentence pursuant to 28 U.S.C. § 2255. *Medina v. Choate,* 875 F.3d at 1026. Petitioner's related ineffective assistance of counsel claim would be dispositive of his pending federal criminal charge and must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be available. *See e.g. Malone v. State of Tenn.,* 432 F. Supp. 5, 5-6 (E.D. Tenn. 1976). Petitioner's other challenges to his pending federal prosecution also cannot be brought in a habeas petition. *See Clark v. Revel*, No. CIV-09-228-M, 2009 WL 763487, at * 1-2 (W.D. Okla. Mar. 19, 2009) (Habeas

4

petition filed by federal pretrial detainee who was committed and involuntarily medicated to restore competency was subject to dismissal for failure to exhaust available remedies. Petitioner's challenges to the federal criminal proceeding should have been brought in the criminal matter that was pending); *Fuget v. United States*, No. 4:23-CV-01241-SEP, 2023 WL 8433166, at * 1 (E.D. Mo. Dec. 5, 2023) (federal pretrial detainee could not use habeas petition to challenge district court's subject-matter jurisdiction over his pending criminal case); *Rodriguez v. Levi*, No. 07-CV-450, 2007 WL 1703359, at *2 (E.D. Pa. June 11, 2007) (same); *Medina v. Choate*, No. 17-CV-00924-GPG, 2017 WL 7360389, at *1 (D. Colo. Apr. 20, 2017) (referencing that court had previously dismissed a prior habeas petition brought by federal pre-trial detainee, in which he alleged he had been denied his right to self-representation).

Petitioner's claims would be dispositive of his pending federal criminal charge and must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be available. *See Sandles v. Hemingway*, 22 F. App'x 557 (6th Cir. 2001). Petitioner therefore cannot challenge his pending federal prosecution in his current habeas petition.

Moreover, to the extent that Petitioner challenges any pre-trial detention order, the appropriate vehicle for the Petitioner to challenge his pre-trial detention is an expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition. *See Whitmer v. Levi,* 276 F. App'x 217, 219 (3rd Cir. 2008).

### III. ORDER

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED.** Because a certificate of

5

appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.  The Court denies Petitioner leave to appeal *in forma pauperis* because any appeal would not be undertaken in good faith. See Fed. R. App. P. 24(a).

|  |  |
|---|---|
| | s/Nancy G. Edmunds |
| | Hon. Nancy G. Edmunds |
| Dated: September 18, 2025 | United States District Judge |

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 18, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager