United States District Court
Eastern District of Michigan
Southern Division

Jack Carpenter III
    Petitioner

v.

Eric Rardin
    Respondent
_____/

Case No: 2:25-CV-12861
Nancy G. Edmunds

FILED
SEP 29 2025
CLERK'S OFFICE
DETROIT

## Notice of Intent to Appeal

28 U.S.C. § 2241 (c)(1-4) states that "The writ of habeas corpus shall not extend to a prisoner unless — He... is committed for trial before some court thereof" (United States)... or... is in custody in violation of the Constitution or laws or treaties of the United States; or... is in custody for an act done or admitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations."

In U.S. v. Jack Carpenter, No 23-1661 (6th Cir July 21, 2025) the court did declare the appeal moot, but only because defense counsel with a conflict of interest he self-declared in ECF 57 pg 1d 301-302 requested the appeal be held until after the hearing in question was completed. Then, as a result of allowing counsel's request found the appeal moot as the hearing was completed.

The District Court fails to address several claims in the petition such as the District Courts lack of Territorial Jurisdiction; a claim of lack of In Personam Jurisdiction due to the Law of Nations clearly under 28 U.S.C. § 2241 (c)(4); and

misrepresents a claim the violation of the 6th Amendment right to counsel is a claim of "ineffective assistance"; as well as other issues raised.

The bar on federal pretrial detainees access to §2241 remedies cannot apply in the circumstance where a trial is being denied under 18 U.S.C. §4241 for an indeterminate amount of time as no remedy is available other than a writ once interlocutory appeal has been declared moot as the District Court cites in their order.

Petitioner is not raising defenses via petition for writ, but was presenting a question of law before the court to clarify that it is in fact a defense available which would force a court to conclude Petitioner can "assist in his defense", which would force the District Court to recognize that Petitioner is "in custody in violation of" 18 U.S.C. §4241, which is a reason to grant the writ.

The District Court's application of §2254 Rule 4 exhaustion requirements is both an abuse of discretion in this circumstance as well as renders moot §2241(c)(1). Petitioner is "committed for trial", and one cannot be found guilty at trial, exhausted all appeals, and serving a sentence while being "committed for trial" before a U.S. Court. The exhaustion requirement of §2254 is a purposeful rule to make a Federal Court a court of last resort for state proceedings. Additionally, it is nonsensical in a case where petitioner is arguing that he is being denied a trial, and is incarcerated for over 5 times longer than his sentence if he was found guilty. As the District Court correctly observes, the

6th Circuit allowed counsel with a stated conflict of interest to hold Petitioner's appeal in abeyance (while telling Petitioner it was dismissed) until it was moot. So what are Petitioner's remedies while he waits for some future date where the District Court stops pretending that Petitioner exhibits 'a deep breakdown in cognition' rendering him unable to assist in his defense, and allows him a trial that may not ever occur?

Petitioner argues that a denial of the 6th Amendment renders the court's proceedings under 18 U.S.C. § 4241 invalid, denying him a trial unlawfully for over ~31 months while the District Court refuses to remedy the issue and counsel actively prejudiced an interlocutory appeal in a clear and obvious way, leaving Petitioner with no remedy and no trial and Judge Edmunds finds that it is a potential remedy to hope with his fingers crossed to be allowed a trial, then if sentenced, try to appeal while ignoring the District Court is not allowing Petitioner a trial. This is the very essence of an exceptional circumstance ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial") Riggins v. United States, 199 U.S. 547 (1905). There are only two remedies for denial of trial under 18 U.S.C. § 4241 commitment

1. Interlocutory Appeal
2. Habeas Corpus

so petitioner HAS exhausted all remedies. To force Petitioner to wait for a trial in some fabled date in the future to remedy the injury of AT THIS TIME having served over 5 times the amount of time if found guilty, is a ridiculous claim and perpetuates a manifest injustice.

As the District Judge in this Petition has added another burden to this remedy by claiming, in bad faith, that Petitioner will not appeal her clearly erroneous order in good faith, I will be sending the requisite forms to proceed In Forma Pauperis in this appeal, which I will be approved as I have in every one so far. What she means by accusing Petitioner that his appeal will be in bad faith is "We cannot, under any circumstance, answer his questions about the Law of Nations and Sovereign Immunity," a stupid game I am getting real tired of watching you courts play. The U.S. Government released a biological weapon on foreign soil, and the courts are playing shoot the messenger.

*[signature]*



Jack Carpenter
NAME
45173510
REG. NO.
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160



RECEIVED
SEP 29 2025
CLERK'S OFFICE
U.S. DISTRICT COURT

METROPLEX MI 480
24 SEP 2025 PM 5 L

Clerk of the Court of
Mark A. Goldsmith
Theodore Levin US Courthouse
231 W. Lafayette blvd. 5th floor
Detroit, MI 48336

48226-277758

Legal Mail