United States District Court
Eastern District of Michigan
Southern Division

Jack Carpenter III - petitioner

v.

Eric Rardin - respondent

Case No: 2:25-cv-12861

Nancy G. Edmunds

FILED
NOV 18 2025
CLERK'S OFFICE
DETROIT

## Motion for Relief barred Pending Appeal

Requesting relief under Federal Rule of Appellate Procedure 12.1(a) while an appeal is pending. The 6th Circuit inadvertently explained the District Court's ruling is in error in Appellate case 25-1513 ("To the extent that Carpenter seeks his release from a medical facility, such relief can only be sought under habeas provisions. See Carr v. U.S., 660 F.Appx 329, 332 (6th Cir. 2016) (stating that a request for release from civil commitment should be brought under 28 U.S.C. § 2241) / see generally Preiser v. Rodriguez, 411 U.S. 475 (1973)). As this court adopted "salient facts" in error ("after Carpenter filed this appeal from the District Court's orders granting the government's motion for competency evaluation" the District Court is divested of aspects of the case involved in the appeal, meaning both the evaluation and hearing under 18 U.S.C. §4241(a) and (b) as the argument was that the evaluation under §4241(b) cannot take place as §4241(a) conditions were not lawfully met. See U.S. v Carman, 933 F.3d 614, 618 (6th Cir. 2019)) and ("Carpenter remains committed") The 6th Circuit was clearly in error by holding that even though the

subject matter jurisdiction over an 18 U.S.C. §4241(a) hearing an 18 U.S.C. §4241(b) evaluation "prior to the hearing" was moved to the Circuit Court pending appeal, the U.S. Attorney General treating the order as having jurisdiction and the District Court holding the hearing without jurisdiction to do so somehow mooted the appeal. This finding clearly violates stare decisis.

Plaintiff seeks 28 U.S.C. §2241 relief from an unlawful "commitment" order that never met the conditions of 18 U.S.C. §4241(a), which the 6th Circuit just ruled was the proper remedy, and binds this Court. In addition Petitioner moves the Court to recognize as a fact that the 18 U.S.C. §4241(a) hearing finding Petitioner incompetent was held while the District Court lacked jurisdiction to do so after a valid "notice of intent to appeal" was filed. Also that in 25-1513 the Circuit Court illegally held that the right to self-determination exercised in the U.S. Declaration of Independence was "fantastic or delusional", and is a ridiculous finding. In addition to this motion Petitioner will be forwarding the Habeas Petition to the International Criminal Court seeking arrest warrants for all "Justices" participating in using 18 U.S.C. §4241 to discredit petitioner in a political smear campaign as a means to cover

up a conspiracy to commit International Terrorism via Biological warfare as a scheme to generate funding for Israel's genocide of Gaza to perpetrate a Zionist Holy War in the middle east.

I doubt they will find the facts and law I present as "fantastic or delusional". Do whatever you will with that information.

I suggest the court recognize its error in deciding that 18 U.S.C. § 2241 is not the correct avenue for relief when it is, and then contact an expert in the Law of Nations for the argument of Sovereign Immunity, and not just dismiss it. Fair warning, my accusations, if found true in international tribunals, warrant the death penalty. Everything I said is true, regardless of how "fantastic" it sounds without looking into the facts.

*[signature]*

If the Court finds it would like to follow stare decisis and admit its error, please inform Petitioner so he can request the Circuit Court remand jurisdiction.

Jack Carpenter
NAME
45173-510
REG. NO.
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

Legal mail

RECEIVED
NOV 18 2025
CLERK'S OFFICE
DETROIT

METROPLEX MI 480
13 NOV 2025 PM 14 L

Clerk of the Court of
Nancy G. Edmunds
Theodore Levin U.S. Courthouse U.S. MARSHALS
231 W. Lafayette blvd. 5th fl.
Detroit, MI 48226

48226-277758