Eastern District of Michigan
Southern Division

Jack Carpenter III                                                pg.1
V.
Eric Revdin

F I L E D

NOV 20 2025

CLERK'S OFFICE
DETROIT

Case No: 2:25-cv-12861

Nancy G. Edmunds

## Motion the Court to take Judicial Notice of facts under Federal Rules of Evidence 201-204

As the Circuit Court has recently declared that habeas provisions under 28 USC §2241 are the appropriate remedy, and the District Court found, in error, that §2241 was not the appropriate remedy. It also found, in error and absent justification, that appealing this courts erroneous order would be done in bad faith, and denying the appeal proceeding In Forma Pauperis. Petitioner files this motion with the understanding that either the District Court will inform Petitioner that the Court acknowledges its error and will hear the habeas petition, or the Court will in bad faith force petitioner to go forward with an appeal of its erroneous order and the Circuit Court will repeat itself that habeas provisions are the proper remedy, in either case the District Court will be remanded jurisdiction. At such time, the following facts are subject to judicial notice:

1. The Circuit Court was aware that in 23-20152 ECF 57 pg 301-302 counsel declared a conflict of interest and the Michigan Rules of Professional Conduct applied via E.D. Mich. LR 83.22 required counsel to remove himself, but instead he requested the appeal be held in abeyance for 2 years.

the proper remedy, in either case the District Court will be remanded jurisdiction. At such time, the following facts are subject to judicial notice:

1. The Circuit Court was aware that in 23-2015a ECF 57 pg 301-302 counsel declared a conflict of interest and the Michigan Rules of Professional Conduct applied via E.D. Mich. LR 83.22 required counsel to remove himself, but instead he requested the appeal be held in abeyance for 2 years.

2. The Circuit Court was aware that a notice of intent to appeal meant that the order authorizing a discretionary evaluation under 18 U.S.C. § 4241(b) lacked jurisdiction to enforce until the Circuit Court determined if an 18 U.S.C. § 4241(a) hearing was lawful to hold.

hold an 18 U.S.C. §4241(a) hearing

4. The Circuit Court knowingly allowed a Counsel with a conflict of interest, who was not legally assigned as Counsel under 28 U.S.C. §1654 because he is not a member of the State bar of Michigan and appeared without "local counsel" without a waiver as required by E.D. Mich. L.R. 83.20(F), to hold a valid appeal in abeyance while the District Court proceeded to rule on issues barred by appeal thinking petitioner was ignorant this was unlawful.

5. The Circuit Court ruled appeal 23-1661 was moot because the Attorney General treated an order without jurisdiction to enforce as if it was enforceable as opposed to recognizing the evaluation as null and void as the law required.

6. The Circuit Court STILL has not held a disciplinary hearing for Counsel's behavior in the appeal.

7. The District Court ruled that since counsel held the appeal in abeyance because of his conflict of interest as a strategy to have the appeal dismissed as moot that "no conflict existed" and it was somehow "in the interests of justice" to refuse to remove counsel.

8. Counsel has prohibited evidence supporting defendant's/Petitioner's claims from entering the record, including evidence that defendant/petitioner verified that his argument regarding the Law of Nations challenge to jurisdiction is, in fact, the Law with the U.S. S.J.T.

somehow "in the interests of justice" to refuse to remove counsel.

8. Counsel has prohibited evidence supporting defendant's/Petitioner's claims from entering the record, including evidence that defendant/petitioner verified that his argument regarding the Law of Nations challenge to jurisdiction is, in fact, the Law with the U.S. State Department 3 months prior to his arrest. That the U.S. State Department recognized the borders of his claimed territory and negotiated a process for non-immigrant visas for its citizens to enter into the U.S. That not only is this not "fantastic or delusional" but it is irrevocable "recognition" under the Law of Nations, and binding on U.S. Courts.

9. The AUSA argued they have no record of the State Department interaction, but it is clearly available in Petitioner's Phone

records that Counsel WILL NOT enter into the record. He argues with Petitioner, "That CANNOT actually be the Law, it would be anarchy." But it has been the Law for thousands of years, and can be clearly seen being used by 56 individuals in the United States Declaration of Independence. Whether by 1 person, 56 people, or 10,000, it is the same, the right to SELF determination.

10. The U.S. Department of Defense Law of War manual chapter 1 covers this area of Law and the express intent of Congress to treat expressions of independence as legitimate, even if not all aspects of International law are followed.

11. The Circuit Court and District Court are participating in a political persecution of petitioner in hopes to discredit petitioner and his legal arguments.

12. Individuals in offices within the U.S. Government committed International Terrorism and Biological Warfare. They are using Color of Office and "National Security" claims to cover up their crimes

13. The Courts are aiding these individuals in the cover up of these crimes

14. You are aware of these crimes and are required by oath of office to act accordingly to ensure the malicious actors are held to accounts

correct remedy and that any appeal of this court's order would be in bad faith because the court was so certain it was correct. Petitioner argued that 28 U.S.C. §2241 was the correct remedy. The 6th Circuit sided with Petitioner not the District Court judge. Petitioner was correct about the Law, the District Court judge was wrong.

Define "incompetence". Because if this is incompetence, the definition must be, "having a greater understanding of the facts and law in the case than lawyers and judges."

Clearly Petitioner is being politically persecuted and the Courts are participating.

Jack Carpenter
NAME

45173510
REG. NO.

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

Legal mail

METROPLEX MI 480

18 NOV 2025 AM 16 L

Clerk of the Court
Theodore Levin US Courthouse
231 W. Lafayette blvd 5th Fl
Detroit, MI 48226

48226-277758

RECEIVED
NOV 20 2025
CLERK'S OFFICE
DETROIT