FILED
DEC 0 8 2025
CLERK'S OFFICE
DETROIT

6

Jack Carpenter # 45173510
P.O. Box 1000
Milan, MI 48160

Judge Mark A. Goldsmith
Judge Nancy G. Edmunds
Case: 23-20152   6th Cir.: 23-1661
Case: 25-cv-12861

## 28 U.S.C. §351(a) Judicial Complaint

The District Court issued an order for a competency evaluation under 18 U.S.C. §4241(b) and Defendant filed a "notice of intent to appeal" arguing that the criteria of a "bona fide doubt of competency" under 18 U.S.C. §4241(a) was not met, so a §4241(b) evaluation could not be ordered. Also that counsel caused a due process issue during the hearing on June 6th, 2023 and the District Court was required to raise the issue of jurisdiction sua sponte before proceeding with the issue of competency. As explained in United States v. Carman, 933 F.3d 614, 618 (6th Cir 2019) a valid notice of intent to appeal divests the District Court over jurisdiction of any issue that affects the appeal until the Circuit Court remands jurisdiction back to the District Court. Meaning the order in question lacked jurisdiction to enforce and the District Court was barred from holding an 18 U.S.C. §4241(a) hearing. Defendant asserted the appeal existing as one of the reasons for refusing to submit to the evaluation, and Dr. Nybo testified to this fact when explaining that appeal 23-1661 was "a delusion" in Defendants mind. Appeal 23-1661 truly existed so when Dr. Nybo testified at the §4241(a) hearing the District Court held without jurisdiction Dr. Nybo proved that Defendant was not evaluated and that Dr. Nybo does not understand what "a delusion" is. A delusion is, "a fixed false belief not amenable to change when introduced to contradictory evidence." A delusion is not, "a provable fact a psychologist dismisses as false."

On 8-15-23 Defendant filed ECF 57 pg.id. 301-302 while unlawfully at an evaluation due to an unenforceable order barred by appeal 23-1661. ECF 57 is a letter from Counsel explaining that Counsel has a conflict of interest that prohibits him from representing Defendant in appeal 23-1661. E.D Mich. L.R. 83.22 applies the Michigan Rules of Professional Conduct to Counsel and E.D Mich. L.R. 83.20(j) subjects him to the authority of the Michigan Attorney Grievance

committee, however, the latter is untrue because he is not a member of the State Bar of Michigan and Federal Court rules do not extend the jurisdiction of a State entity over out of State Attorneys. Mr. Nogues is a member of the New York Bar, not Michigan Bar. As such, E.D. Mich. L.R. 83.20(f) requires counsel to either request a per case waiver of a requirement to have an Attorney licensed by the State Bar of Michigan with an office in the District appear at every hearing (known as a "local Counsel" as Mr. Nogues is a "non-local Counsel") or to have a "local Counsel" on record at every hearing. If not, Mr. Nogues is barred from being Counsel under 28 U.S.C. §1654 as local court rules prohibit him from representing a Defendant because he cannot be reported to the Michigan Attorney Grievance Committee for violating the Michigan Rules of Professional Conduct.

E.C.F. 57 clearly explains, in Mr. Nogues own words that he finds the appeal "non-frivolous" and he cannot represent Defendant in the appeal. Defendant requested Counsel be removed no less than 50 times because of this conflict. Counsel held appeal 23-1661 in abeyance for over 2 years while the District Court proceeded with both the evaluation and hearing under 18 U.S.C. §4241(a) and (b) that it was barred from proceeding with under appeal 23-1661. The District Court ignored Counsel's conflict of interest and that it was barred from proceeding.

The Brief for appeal 23-1661 was due September 25, 2023. The Attorney General ended the evaluation it was barred from performing on September 25, 2023 to obviously argue in the reply brief that the evaluation in question was already complete so the appeal was moot. However, Counsel began laboring in the appeal he was prohibited from laboring in by requesting the appeal be held in abeyance until after the 18 U.S.C. §4241(a) hearing that was also prohibited under Carmen (6th cir 2019). It would seem Counsel recognized that the appeal addressed §4241(a) and (b) and would not be "moot" unless §4241(a) and (b) were completed. The District Court proceeded with the barred §4241(a) hearing and found Defendant to be incompetent despite never being evaluated on the testimony of Dr. Nybo with absurd claims, such as appeal 23-1661 was a delusion and that trying to proceed pro se is incompetent behavior. Counsel argued that Defendant

was accurately predicting the AUSA's arguments and filing responses to them before the AUSA made them, and then the AUSA would make the exact arguments Defendant predicted they would make. That Counsel was confident in Defendant's ability to proceed pro se.

In October 2024, over a full year after the 30 day evaluation, the District Court had a hearing on Counsel's self-declared conflict of interest and found that since Counsel held the appeal in abeyance, the conflict was somehow cured. In "the interests of justice" counsel should remain as counsel. On November 18th, 2024 Defendant was "committed to the custody of the Attorney General" for "restoration procedure." After 22 months in low security, general population and Dr. Nybos "evaluation" stating Defendant followed the rules and had no disciplinary issues M.C.F.P. Springfield placed Defendant in solitary confinement for 105 days without cause. For 65 days he was ignored, except for once a week Dr. Turner would come to ask, "do you want to harm yourself or others? do you want any medication?" On day 65 he had a short 20 minute meeting with Dr. Turner and was moved to another solitary confinement unit where he was not handcuffed to take a shower and could see a T.V. from his room. On day 105 he was told he was "not restored" and that the facility was holding a "Harper hearing" for forced medication and requested a "Sell's hearing" with the District Court. The Counsellor Ms. Poages explained that the facility has a policy that no one comes out of solitary confinement unless they choose "voluntary medication", staff and inmates explained that no one sent there will ever be declared "restored" unless they take "voluntary medication". Dr. Turner claimed that Defendant was placed in solitary confinement without any cause over "concern for his charges" that did not exist at other facilities for the previous 22 months. To place a pretrial detainee in solitary confinement without a DHO hearing is illegal, that facility uses it to torture people into "choosing" to take "voluntary medication" in exchange for treating you as the law requires. Dr. Turner is aware this is illegal but tried to "rationalize" it by claiming the charge itself is reason to put a pretrial detainee in isolation for almost 4 months.

18 U.S.C. §4241(d)(1) limits the period of commitment to the custody of the Attorney General to a

period "not to exceed four months" or 120 days. On day 105 Defendant met with Dr Turner after the "Harper hearing" for a period of ~2hrs. in which she tried to claim his First Amendment religious beliefs were "religious delusions" and evidence of incompetence after he refused to discuss them with her. After 150 days Defendant filed a Petition for Writ of Habeas Corpus to be released from the facility. He served it on the Attorney General and was "released from the Custody of the Attorney General" before it was filed in the Western District of Missouri.

While in transit back to Michigan, Mr. Nogues filed an Anders Brief in case 23-1661, document 41. In it he argues, contradicting himself in ECF 57, that there are "no non-frivolous arguments" and the Circuit Court lacks jurisdiction because the District Courts order is a "non-final order". Defendant responded that it falls under the collateral order doctrine. The Circuit Court adopted the "incompetent" Defendant's argument over Counsel's argument. In fact, they quoted Defendant's argument and cited the same case when explaining it meets the collateral order doctrine. This is absolute proof Defendant "understands the proceedings" and "can assist in his defense".

Defendant filed a Petition for Writ of Habeas Corpus, case 2:25-CV-12861, arguing jurisdiction under 28 U.S.C. §2241. The District Court found that "Carpenter filed a pro se notice of appeal from the district court's orders granting the government's motion for a competency evaluation ... the District Court conducted a competency hearing ... the District Court found that Carpenter was not competent to stand trial ... Carpenter remains committed." The District Court and the Circuit Court failed to recognize the notice of appeal prohibited the District Court from doing any of that and instead found that the District Court proceeding without jurisdiction somehow magically mooted the appeal. But in addition, the District Court found that 28 U.S.C. §2241 Habeas Procedure was not the correct remedy, and that any appeal of that finding would be "in bad faith". Defendant appealed anyway. In an unrelated Civil Case against Mr. Goldsmith the 6th Circuit found on November 6, 2025 that Defendant's remedy is 28 U.S.C. §2241 Habeas procedure (see Appeal 25-1513). On 9-18-25 the District Court finds 28 U.S.C. §2241 is not the right remedy. Defendant

is told that if he disagrees it is "in bad faith". He disagrees and argues that 28 U.S.C. §2241 is the proper remedy. 2 months later the 6th Circuit agrees with Defendant over the District Court judge. Defendant must be the first incompetent person to ever out argue defense Counsel in an appeal that only exists as a delusion in his mind and then, "in bad faith", out argues a District Court judge regarding it's jurisdiction under 28 U.S.C. §2241.

Mr. Goldsmith should not have proceeded with the 18 U.S.C. §4241(a) hearing. The Attorney General should not have proceeded with the 18 U.S.C. §4241(b) evaluation. Counsel should not have labored in appeal 23-1661 after explaining a conflict of interest existed. Both the District Court and Circuit Court should have removed counsel after ECF 57 was filed. The Circuit Court improperly found that the District Court proceeding as if appeal 23-1661 didn't remove its jurisdiction over all things related to 18 U.S.C. §4241 somehow "mooted" the appeal. The District Court improperly found Defendant incompetent when he can out argue both Counsel and a District Court judge in appeals. Nancy G. Edmunds improperly found that 28 U.S.C. §2241 was the improper remedy and tried to make an appeal of her erroneous order an uphill battle for Defendant when he was correct.

None of these mistakes are accidental and they have a clear and purposeful design to maliciously deny Defendant justice. This is coordinated malice to deny justice. Political persecution.

I am filing this complaint with the understanding the Chief Justice of the 6th Circuit will continue this injustice, and find the complaint meritless. That way everyone involved can be held to account in the end.

*[signature]*

Jack Carpenter
NAME
46173570
REG. NO.
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

Legal Mail

METROPLEX MI 480
26 NOV 2025 PM 16 L

Clerk of the Court
Theodore Levin US Courthouse
231 W. Lafayette blvd. 5th Fl.
Detroit, MI 48226

48226-277758

RECEIVED
DEC 08 2025
CLERK'S OFFICE
DETROIT