UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK CARPENTER, III,

    Petitioner,               Case Number 2:25-CV-12861
                                       HONORABLE NANCY G. EDMUNDS
v.                                 UNITED STATES DISTRICT JUDGE

ERIC RARDIN,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION
TO TAKE JUDICIAL NOTICE OF FACTS (ECF No. 13)**

This matter is before this Court on Petitioner's Motion To Take Judicial Notice of Facts. For the reasons that follow, the motion is denied.

Petitioner is a pre-trial detainee currently incarcerated in the Federal Correctional Institution in Milan, Michigan. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his pending federal prosecution for transmitting a threatening communication in interstate commerce, in violation of 18 U.S.C. § 875(c). The Court summarily denied the petition on the ground that Petitioner's criminal case remained pending before Judge Mark A. Goldsmith. See *United States v. Carpenter,* No. 2:23-cr-20152 (E.D. Mich.). The Court concluded that all of Petitioner's claims would be dispositive of his pending federal criminal charge and must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be available. *Carpenter v. Rardin*, No. 2:25-CV-12861, 2025 WL 2691101 (E.D. Mich. Sept. 18, 2025). Petitioner's criminal case still remains pending before Judge Goldsmith.

On September 29, 2025, Petitioner filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit. (ECF No. 8). However, on December 2, 2025, the

1

Sixth Circuit dismissed the appeal for want of prosecution because Petitioner failed to pay the filing fee by November 14, 2025. *Carpenter v. Rardin,* No. 25-1879 (6th Cir. Dec. 2, 2025).

Petitioner has now filed a motion for this Court to take judicial notice of facts. Petitioner asks this Court to take judicial notice of the fact that in his pending criminal case, his counsel declared a conflict of interest but rather than Judge Goldsmith or the Sixth Circuit immediately removing counsel, one of Petitioner's interlocutory appeals was held in abeyance for two years at counsel's request. Petitioner alleges that the Sixth Circuit was aware of this and other improprieties with at least one of Petitioner's interlocutory appeals from his criminal case but did nothing to stop these irregularities from occurring. Petitioner argues that the Sixth Circuit erred in allowing this counsel, who labored under a conflict of interest and who was not a member of the local bar, to remain on Petitioner's criminal case and appeal. Petitioner also argues that his notice of appeal that he filed in his criminal case prevented the district court from going ahead with a discretionary mental competency evaluation until the Sixth Circuit ruled on whether an 18 U.S.C. § 4241(a) hearing was lawful to hold. Petitioner further alleges that his current counsel in his criminal case refuses to introduce evidence on Petitioner's behalf, particularly evidence that Petitioner characterizes as the "Law of Nations" which prevents the federal district court from even having jurisdiction over his criminal case.

Fed. R. Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). However, "A] fact is not the proper subject of judicial notice if the notice is sought for a purpose that is 'not relevant or necessary to resolve th[e] action.'" *Jones v. Prudential Sec., Inc.*, 534 F. Supp. 3d 839,

841 (E.D. Mich. 2021) (quoting *Cece v. Wayne County*, 758 F. App'x 418, 425 (6th Cir. 2018)). A district court should not take judicial notice of facts that are irrelevant to the adjudication of a habeas petition. *Ahreshien v. Watson*, No. 3:22-CV-1303, 2023 WL 12118865, at *3 (N.D. Ohio Sept. 13, 2023); *Millan v. Marshal*, 677 F. Supp. 2d 1217, 1219, n. 1 (C.D. Cal. 2009). In the present case, whether there have been irregularities in Petitioner's pending criminal case before Judge Goldsmith or his interlocutory appeals from that case are irrelevant to this Court's prior determination that Petitioner was not entitled to habeas relief because his criminal case remains pending before Judge Goldsmith and Petitioner must first exhaust other remedies such as filing any pre-trial motions in the trial court, followed by a possible appeal after judgment, before he or she can seek habeas relief.  The Court denies the motion to take judicial notice of irrelevant facts.

    IT IS HEREBY ORDERED that the Motion to Take Judicial Notice of Facts (ECF No. 13) is DENIED.

Dated: December 10, 2025

s/Nancy G. Edmunds  
Hon. Nancy G. Edmunds  
United States District Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 10, 2025, by electronic and/or ordinary mail.

s/Marlena Williams  
Case Manager