UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK CARPENTER, III,

Petitioner,

v.

Case Number 2:25-cv-12861
Honorable F. Kay Behm
United States District Judge

ERIC RARDIN,

Respondent,
_______________________________/

**OPINION AND ORDER DENYING THE MOTION FOR RELIEF FROM JUDGMENT (ECF No. 29) AND THE MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY FROM MOTION FOR RELIEF FROM JUDGMENT (ECF No. 30)**

This matter is before this Court on Petitioner Jack Carpenter, III's motion for relief from judgment and his related motion to file supplemental authority in support of that motion. For the reasons that follow, the motions are denied.

Petitioner is a pre-trial detainee currently incarcerated in the Federal Correctional Institution in Milan, Michigan. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his pending federal prosecution for transmitting a threatening communication in interstate commerce, in violation of 18 U.S.C. § 875(c). This Court's predecessor, District Judge Nancy G. Edmunds, summarily denied the petition because Petitioner's criminal case remained pending before District Judge Mark A. Goldsmith of this district. *See United States v. Carpenter,* No. 2:23-cr-20152 (E.D. Mich.). Judge Edmunds

concluded that all of Petitioner's claims would be dispositive of his pending federal criminal charge and must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be available. *Carpenter v. Rardin*, No. 2:25-CV-12861, 2025 WL 2691101 (E.D. Mich. Sept. 18, 2025). Petitioner's federal criminal case still remains pending before Judge Goldsmith.

On September 29, 2025, Petitioner filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit. (ECF No. 8). However, on November 14, 2025, the Sixth Circuit dismissed the appeal for want of prosecution because Petitioner failed to pay the filing fee by November 14, 2025. *Carpenter v. Rardin,* No. 25-1879 (6th Cir. Dec. 2, 2025). Petitioner filed a motion for relief barred pending appeal, in which he sought relief from judgment, which was denied. *Carpenter v. Rardin*, No. 2:25-CV-12861 (E.D. Mich. Dec. 3, 2025) (ECF No. 12). Petitioner subsequently filed a motion for the Court to take judicial notice of facts, which was also denied. *Carpenter v. Rardin*, No. 2:25-CV-12861 (E.D. Mich. Dec. 10, 2025) (ECF No. 16).

On December 15, 2025, Petitioner filed a second Notice of Appeal with the United States Court of Appeals for the Sixth Circuit. (ECF No. 17), in which he sought to reinstate his appeal. However, on December 29, 2025, the Sixth Circuit refused to reinstate his appeal because Petitioner failed to pay the filing fee or submit a motion to proceed *in forma pauperis* and had still not cured the defect.

The Sixth Circuit indicated that Petitioner could renew his motion to reinstate upon payment of the appellate filing fee or the filing of a complete motion for pauper status. The clerk was ordered to send Petitioner the necessary forms. *Carpenter v. Rardin*, No. 25-1879 (6th Cir. Dec. 29, 2025). Petitioner then filed a Petition for Rehearing pursuant to Fed. R. Civ. P. 60(b), which was also denied. *Carpenter v. Rardin*, No. 2:25-CV-12861 (E.D. Mich. Jan. 20, 2026) (ECF No. 25).

Petitioner filed another Notice of Appeal with the Sixth Circuit. (ECF No. 26). However, Petitioner subsequently filed a motion to voluntarily dismiss the appeal, which was granted. *Carpenter v. Rardin*, No. 26-1124 (6th Cir. Feb. 27, 2026).

Petitioner has now filed a motion for relief from judgment and a related motion to file supplemental authority in support of that motion. The motions were reassigned to this Court because Judge Edmunds has retired from the bench. Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,

> (6) any other reason justifying relief from the operation of the judgment.

The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Petitioner argues in his motion that Judge Edmunds erred in dismissing his habeas petition, claiming that it was proper for him to seek habeas relief regarding Judge Goldsmith's decision finding Petitioner incompetent to stand trial and ordering his civil commitment. Petitioner argues that Judge Edmunds was wrong in concluding that Petitioner was required to exhaust his trial and appellate remedies before he could challenge his federal criminal prosecution in a habeas petition. Petitioner argues that this determination is erroneous because exhaustion of remedies is only required for a state prisoner who is seeking habeas relief from a state court conviction. Petitioner also seems to argue that Judge Edmunds should have granted habeas relief because he enjoys sovereign immunity from prosecution.

Under Fed. R. Civ. P. 60(b)(1), a motion for relief from judgment can be granted for "mistake, inadvertence, surprise, or excusable neglect[;]" A claim of legal error in the underlying judgment comes within the definition of mistake under Rule 60(b)(1). *See Pierce v. United Mine Workers of Am., Welfare and Retirement Fund of 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985) (citing

*Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983)). The Sixth Circuit held that "[a] 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal." *Id.* Petitioner's arguments allege legal error, thus, he was required to bring his motion for relief from judgment within the normal time for taking an appeal from the district court's judgment. *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007).

The time to appeal a civil action is thirty days after entry of the judgment. Fed. R. App. P. 4(a)(1)(A). Judge Edmunds summarily denied the petition for writ of habeas corpus on September 18, 2025. Petitioner had until October 18, 2025 to file a notice of appeal. Petitioner's motion for relief from judgment is untimely because it was filed on September 1, 2026, well past the time period for filing an appeal.

Moreover, Petitioner has already argued twice, both in his prior motion for relief from judgment, and in his petition for rehearing, that Judge Edmunds erred in dismissing his habeas petition. Judge Edmunds denied Petitioner's first motion for relief from judgment because Petitioner failed to show that Judge Edmunds' determination that Petitioner could not challenge his pending federal criminal prosecution in a habeas petition was erroneous. Petitioner is basically reiterating arguments that were raised in his earlier motion for relief from judgment and denied by Judge Edmunds; he would not be entitled to relief from judgment

pursuant to Fed. R. Civ. P. 60(b). *See Erby v. Kula*, 98 F. App'x 405, 407 (6th Cir. 2004).

Petitioner also seeks relief under 60(b)(4). Fed. R. Civ. P. 60(b)(4) indicates that a court may relieve a party from a final judgment, order, or proceeding because the judgment is void. A judgment is considered void, for purposes of 60(b)(4), if the court that rendered the judgment lacked jurisdiction over the subject matter or over the parties, or if the court acted in a manner that was inconsistent with due process of law. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). However, a judgment is not void simply because it is or may have been erroneous, and a motion to set aside a void judgment is not a substitute for a timely appeal. *See Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011). Petitioner is not entitled to relief from judgment under this provision of Rule 60(b)(4) because he failed to show that Judge Edmunds lacked subject matter jurisdiction over his case or acted inconsistent with due process of law. Judge Edmunds' decision to deny Petitioner habeas relief did not render the judgment void, for purposes of Rule 60(b)(4). *See Calcari v. Ortiz*, 495 F. App'x 865, 867 (10th Cir. 2012).

Finally, Petitioner attempts to use the catch-all provision of subsection (6) of Rule 60(b), but he cannot obtain relief under this subsection. A litigant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" which justify

the reopening of a final judgment, "and such circumstances rarely occur in habeas cases." *Landrum v. Anderson*, 813 F.3d 330, 335 (6th Cir. 2016). Petitioner fails to show that there are extraordinary circumstances that would justify granting him relief under Rule 60(b)(6). Moreover, a motion for relief from judgment may not be brought under Rule 60(b)(6) "if it is premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Mitchell v. Rees*, 261 F. App'x 825, 830 (6th Cir. 2008) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 and n. 11 (1988)). Petitioner's Rule 60(b) motion is clearly based on Rule 60(b)(1); it would be error to grant Petitioner relief based on 60(b)(6). *Id.*

**IT IS HEREBY ORDERED** that the Motion For Relief From Judgment (ECF No. 29) and the related Motion for Leave to File Supplemental Authority (ECF No. 30) are **DENIED**.

**SO ORDERED**.

Date: September 10, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge